# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

SCHMID PIPELINE CONSTRUCTION,   )
INC.,   )
   )
        Plaintiff,   )
   )  Docket no. 1:13-cv-464-GZS
v.   )
   )
SUMMIT NATURAL GAS OF MAINE,   )
INC.,   )
   )
   )
        Defendant.   )

## ORDER ON MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL EXPERT WITNESS DISCLOSURE & RELATED TESTIMONY

Before the Court is Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosure and Exclude Related Testimony (ECF No. 119). As briefly explained herein, the Motion is DENIED, although Plaintiff shall be allowed to take a supplemental pretrial deposition of Mr. Schwartzkopf.

In accordance with the scheduling order deadlines, Defendant Summit Natural Gas of Maine, Inc. ("Summit") disclosed its expert witnesses and provided expert reports on June 2, 2014; this included an expert report by William Schwartzkopf. Mr. Schwartzkopf was thereafter deposed by Plaintiff Schmid Pipeline Construction, Inc. ("Schmid") on September 16, 2014. Ultimately, a discovery deadline of November 3, 2014 was set in this matter, although that deadline was extended to December 1, 2014 in order to complete a limited number of outstanding depositions. (10/30/14 Report of Telephone Conference & Order (ECF No. 40).)

On July 15, 2015, Defendant produced a Supplemental Expert Witness Disclosure and Supplemental Expert Report of William Schwartzkopf. Thereafter, on August 31, 2015, Plaintiff

filed the pending motion seeking to strike this supplemental designation and report and to exclude related testimony.  The parties had their final pretrial conference before the Magistrate Judge on September 2, 2015.  The conference continued on September 9, 2015.  Thereafter, the Magistrate Judge docketed the September 10, 2015 Report of Final Pretrial Conference & Order (ECF No. 127), in which this case was tentatively set to commence as a bench trial on November 9, 2015; this remains the anticipated start date of the ten-day trial.

To the extent that Schmid asserts that the discovery deadline of November 3, 2014 set the outer time limit for both parties to supplement as required under Rule 26(e), the Court disagrees. Rather, none of the deadlines set in the July 15, 2014 Report of Telephone Conference and Amended Scheduling Order (ECF No. 31) set a clear deadline for all Rule 26(e)(2) supplementation to occur on or before July 15, 2015.  Therefore, the Court finds that the July 15, 2015 Supplemental Designation and Report was timely in that the designation complied with the default deadlines for the duty to supplement found in Fed. R. Civ. P. 26(a)(3) & (e)(2).

Having reviewed all of the attachments to the pending Motion, including the July 15, 2015 Supplemental Report (ECF No 119-1), the June 2, 2014 Report (ECF No. 119-3), and the September 16, 2014 deposition of Mr. Schwartzkopf (ECF No. 119-5), the Court believes that the additional information provided in July 2015 does supplement Schwartzkopf's earlier expert report.  However, the Court acknowledges that Schwartzkopf's post-discovery supplementation has left Schmid without an opportunity to further question Schwartzkopf about these supplemented opinions.  In its Response to the pending Motion, Summit has agreed that it will make Mr. Schwartkopf available for a supplemental deposition, at its own expense in Portland.  (Def. Response (ECF No. 129) at 9 n. 4.)   The Court believes that such an opportunity to conduct a

supplemental deposition will cure any prejudice to Plaintiff and thereby make harmless any arguable delay in the supplemental disclosure.

Thus, the Court hereby DENIES the Motion but ORDERS that Summit make Mr. Schwartkopf available for a supplemental deposition in Portland, at Summit's expense.  Absent some other agreement of the parties, said deposition shall not exceed three hours and shall be scheduled for a mutually convenient date on or before November 2, 2015.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 6th day of October, 2015.